U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 0 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MICHAEL ANODE | CIVIL ACTION NUMBER 05-0912 |
| VERSUS | JUDGE JAMES |
| ALBERTO GONZALES, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a Motion for Summary Judgment [Doc. #16] filed by Petitioner, Michael Anode, and a Motion to Dismiss [Doc. #20] filed by Respondents, both of which have been referred to me by the district judge for report and recommendation.

Anode filed a Petition for Writ of Habeas Corpus pursuant to 22 U.S.C. § 2241, asserting that his continued detention beyond six months is unconstitutional under the Supreme Court's ruling in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner subsequently filed a motion for summary judgment [Doc. #16], and the undersigned ordered Respondents to provide the Court with additional information supporting the assertion made in their opposition memorandum regarding the petitioner's lack of cooperation in securing his removal [Electronic Order 6/20/06]. Respondents have now filed a motion to dismiss [Doc. #20], stating that Petitioner's claim should be dismissed because he has been released from custody.

In their memorandum supporting the motion to dismiss,

Respondents submit that Petitioner, Michael Anode, was released by the USICE under an Order of Supervision on March 21, 2006. [Doc. #20-3.] Since Petitioner is no longer detained by the USICE, there is no longer a justiciable controversy before the court. See Alwan v. Ashcroft, 388 F.3d 507, 511 (5 Cir. 2004).

Considering the foregoing, it is recommended that:

(1) Respondent's Motion to Dismiss [Doc. #20] be GRANTED, as Petitioner has been released and is no longer in the custody of USICE;

(2) Petitioner's Motion for Summary Judgment [Doc. #16] be DENIED as MOOT; and

(3) the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED WITHOUT PREJUDICE.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 31st day of July, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE